IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLIFTON DELLAMANO and
JEAN DELLAMANO,

        Plaintiffs,

vs.

C.R. BARD, INC., DAVOL, INC., MORRIS
KUGLER, M.D., AND SOUTHERN
ILLINOIS SURGICAL CONSULTANTS SC,

        Defendants.

Case No. 14-cv-1329-SMY-DGW

**MEMORANDUM AND ORDER**

Before the Court are three pending motions:  Defendant Morris Kugler, M.D.'s Motion to Dismiss Pursuant to Rule 12(b) (Doc. 16), Defendant Southern Illinois Surgical Consultants SC's Motion to Dismiss Pursuant to Rule 12(b) (Doc. 18) and Plaintiffs' Motion for Remand to State Court (Doc. 21).  Defendants C.R. Bard, Inc. ("Bard") and Davol, Inc. ("Davol") filed a Memorandum in Opposition to Plaintiffs' Motion to Remand (Doc. 22) and Plaintiffs filed a Reply (Doc. 23).  Plaintiffs did not respond to Defendants' Motions to Dismiss.  For the following reasons, the Court DENIES Plaintiffs' Motion for Remand and GRANTS Defendants' Motions to Dismiss.

This case centers on an allegedly defective product, the "Bard Marlex Mesh," that was used to repair Plaintiff Clifton Dellamano's hernia.  In particular, Plaintiffs allege the mesh implant failed to maintain its integrity and disintegrated, causing the reoccurrence of the hernia and loss of tissue in Plaintiff's abdomen.  Plaintiffs filed their initial Complaint in the Circuit Court of Madison County, Illinois on October 10, 2014 bringing claims against Bard and Davol as manufacturers of the allegedly defective product and against Morris Kugler, M.D. ("Kugler") and Southern Illinois Surgical Consultants ("SISC") as agents for the sale and distribution of the

product.  Plaintiffs claim all named Defendants had knowledge of the defects of the mesh product and knowledge that the product, when used as recommended, was unreasonably dangerous.

Defendants Bard and Davol filed a Notice of Removal to this Court on December 1, 2014 and Defendants Kugler and SISC consented to the Removal on December 4, 2012.  As an initial matter, the Court will address Plaintiffs' argument that Defendants' Notice of Removal was untimely.

The Federal Rules of Civil Procedure provide the rules for computing any time period in any rule, order or statute that does not otherwise specify a method for computing time.  Fed. R. Civ. P. 6(a).  The statute setting forth the procedures for removing civil actions to federal court does not otherwise specify a method for computing time and provides that a defendant has thirty (30) days after service of the initial pleading to file a notice of removal.  28 U.S.C. § 1446(b).

Here, Defendant Bard was duly served on October 30, 2014.  The thirty-day period set forth by statute ended on Saturday, November 29, 2014.  Pursuant to Fed. R. Civ. P. 6(a)(1)(C), if the last day of a period falls on a Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Therefore, the Notice of Removal was timely filed on Monday, December 1, 2014.

Bard and Davol claim diversity jurisdiction exists because Plaintiffs fraudulently joined Kugler and SISC in order to destroy diversity.  Because the Notice of Removal, the Motions to Dismiss and the Motion for Remand all center on Defendants Kugler and SISC, the Court will look first to whether there is a basis for the claims against these two Defendants.

Plaintiffs argue that remand to state court is proper because the joinder of Defendants Kugler and SISC is not fraudulent and cite several cases to support the "agent of sale and distribution" theory.  While the Court acknowledges Plaintiffs' allegations that Kugler and SISC

2

knew the mesh product was dangerous and that they were a link in the chain of distribution, the Court is persuaded that the Counts against Kugler and SISC cannot move forward under Illinois law.

Illinois requires that claims against a physician or hospital "whether based upon tort, or breach of contract or otherwise, arising out of patient care…" may in no event be brought more than four (4) years after the alleged tortious act occurred.  735 ILCS 5/13-212(a).   This statute of repose applies to a physician or hospital that  distributes or sells a defective medical device.  *Elke v. Zimmer, Inc.*, 596 N.E. 2d 661, 663 (Ill. App. 1992).  Here, Plaintiff alleges the mesh product was grafted into Plaintiff's abdomen by surgery performed on April 28, 2009.  Accepting Plaintiffs' allegations as true, the four-year limitation expired on April 28, 2013.  Plaintiffs did not file their initial Complaint in state court until October 10, 2014.  Plaintiffs did not respond with any allegations of disability that would toll the period of limitations.  Thus, Plaintiffs' action against Defendants Kugler and SISC are barred under Illinois statute.  Accordingly, the Court need not consider whether Kugler and SISC are otherwise subject to suit or the issue of Plaintiffs' failure to file a certificate of merit pursuant to 735 ILSC 5/2-622.

Defendant Kugler's Motion to Dismiss (Doc. 16) is GRANTED.  Defendant SISC's Motion to Dismiss (Doc. 18) is GRANTED.  Plaintiff's Motion to Remand to State Court (Doc. 21) is DENIED.

**IT IS SO ORDERED.**

**DATE: February 17, 2015**                         /s/   **Staci M. Yandle**
                                                                          **STACI M. YANDLE**
                                                                          **DISTRICT JUDGE**