IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFTON DELLAMANO and JEAN DELLAMANO,<br><br>        Plaintiffs,<br><br>vs.<br><br>C.R. BARD, INC. and DAVOL, INC.,<br><br>        Defendants. | Case No. 14-cv-1329-SMY-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Voluntarily Dismiss Plaintiff (Doc. 38) filed by Plaintiffs' Counsel William L. Berry. Although the motion is purportedly filed on behalf of "The Estate of Jean Dellamano," it is clear from the motion that no estate has been opened on behalf of Plaintiff Jean Dellamano who apparently died on December 14, 2015.

The motion is problematic. Berry's representation of Jean Dellamano ended upon her death. *Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008). Because a claim for loss of support is not extinguished upon death, the loss of consortium claims filed in the instant action survive and belong to Jean Dellamano's estate (See, *McDaniel v. Bullard*, 216 N.E.2d 140, 143-44 (Ill. App. 1966)). Therefore, an executor or administrator of Jean Dellamano's estate must first be substituted as a party and then move for dismissal of the claim. See *Id*; *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993).

Further, pursuant to *Atkins*, because Berry did not serve a statement or suggestion of death on interested nonparties, the Court may not construe the motion as a "statement noting the death" under Federal Rue of Civil Procedure 25(a)(1) which would then trigger a 90-day period

for substitution of the deceased party, ("[n]onparties with a significant financial interest in the case, namely the decedent's successors… or personal representative… should certainly be served.") 547 F.3d at 873.  Thus, until a proper suggestion of death is filed on the record and served on interested nonparties, the time period for substitution of party will not begin to run.

While the parties wish to simply withdraw Plaintiff's claims to "avoid issues and expenses that may be required in opening an estate," they cannot properly do so via the instant motion.  Accordingly, the motion is **DENIED.**


**IT IS SO ORDERED.**

**DATE: March 11, 2016**                                   s/  *Staci M. Yandle*
                                                           **STACI M. YANDLE**
                                                           **DISTRICT JUDGE**